The Honorable Mike Bearden State Senator P.O. Box 686 Osceola, AR 72370
Dear Senator Bearden:
This is in response to your request for an opinion regarding the authority of the City of Luxora to establish a municipal court.
Your request includes correspondence from the Luxora City Attorney in this regard. The City Attorney notes that Luxora has a population of approximately 1,800, according to the most recent census figures. He also states that Luxora did not have a municipal court in existence on March 4, 1985, that it is not the county seat of Mississippi County, and that there are other municipal courts in Mississippi County. The question posed is whether the City of Luxora, as a city of fewer than 2,400 people and not being a county seat, has the authority under state law to establish a municipal court at this time.
It must be concluded that the answer to this question is no. Provisions governing the creation of municipal courts are found in Arkansas Code of 1987 Annotated 16-17-101 through 16-17-614 (see also Supp. 1987). The Arkansas Supreme Court has stated that Ark. Stat. 22-701 et seq. (now codified at A.C.A. 16-17-201 et seq.) is ". . . the general statute governing the creation, jurisdiction and operation of municipal courts in Arkansas." Littleton v. Blanton,281 Ark. 395, 397, 665 S.W.2d 239 (1984). A.C.A. 16-17-204 states as follows:
 Any city having a population of two thousand four hundred (2,400) or more or any county-seat town with less than two thousand four hundred (2,400) population not now having a municipal court may establish a municipal court by passing an ordinance of the city council or other governing body of the city, creating and establishing a municipal court under the provisions of this subchapter.
Language with respect to county-seat municipalities also appears under A.C.A. 16-17-303 as follows:
 (a) All county-seat municipalities that have become cities of the second class or may hereafter become cities of the second class under the provisions of 14-37-112, may, if no municipal court exists therein, establish a municipal court by the passing of an ordinance by the city council of such city creating and establishing a municipal court under the provisions of this subchapter. (b) The city council creating and establishing the municipal court shall also be authorized, empowered, and directed by proper ordinances to fix with respect to the judge of the court the qualifications, the fees, emoluments, or salary, the terms or tenures of office, the method and manner of the election or appointment, and the filling of vacancies.
A.C.A. 16-17-401(a) should also be considered wherein it is stated:
Any city of the first or second class or incorporated town which is located in a county that does not have an established municipal court on March 7, 1973 may, upon adoption of an ordinance therefore by a majority vote of the membership of the governing body, establish a municipal court within the city or town.
A.C.A. 16-17-501 was then enacted (Act 251 of 1985, 1) subsequent to Littleton v. Blanton, supra. This provision states:
 Any city with a population of less than two thousand four hundred (2,400) persons, according to any federal census, which had a municipal court in existence on March 4, 1985, may create a municipal court under this subchapter.
The facts presented in your request compel the conclusion that the foregoing provisions offer no authority for the creation of a municipal court in Luxora at this time. Nor are we aware of any other authority in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.